IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF GEORGIA
STATESBORO DIVISION

FILED
U.S. DIST. COURT

2011 MAY 10 AM 9 5?

CLERK R Clark
SO. DIST. OF GA

BENJAMIN ROOSEVELT SINGLETON,

    Plaintiff,

vs.

AL BERGLIN; JOE PEAL; ROSS
T. GARRANGER; THOMAS
McELHENNEY; SHEVONDAH FIELDS;
DEBRA KIGHT; ANNESSA KIRKLEY;
and JAMES ALLEN,

    Defendants.

CIVIL ACTION NO.: CV610-097

## ORDER and MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

Plaintiff filed an action pursuant to 42 U.S.C. § 1983 asserting that he was wrongfully refused a copy of an appeal form from Georgia State Prison.[1] Defendants filed a Motion for a More Definite Statement, or, in the alternative, Motion to Dismiss. (Doc. Nos. 11, 21). Plaintiff filed a Response, and Defendants filed a Reply. (Doc. Nos. 25, 26, 30). For the following reasons, Defendants' Motion for a More Definite Statement is **GRANTED**. Because it is unclear which claims Plaintiff is pursuing in his complaint, Defendants' Motion to Dismiss should be **DENIED**.

---

[1] Defendants state that the undersigned conducted a frivolity screening, which allowed this case to proceed. However, Plaintiff was not incarcerated when he filed suit, so no screening was conducted.

## STATEMENT OF THE CASE

Plaintiff states that "several employees" with the Georgia Department of Corrections have "refused to honor the Freedom of Information Act." (Doc. No. 1, p. 11). Plaintiff continues, "

> Debra Kight acknowledges that she received said appeal on 4/6/04 that was intentionally sent late by Joe Peal at Frank Scott whom sent only the formal grievance without the appeal form . . . . I have sent freedom information request to Georgia State Prison official which has violated my 1st and 14th Amendment right by not providing me a copy of the appeal form dated 3/31/04.

(Doc. No. 1, p. 11). Subsequently in his complaint, Plaintiff states his legal claims are for negligence and deliberate indifference. (Id. p. 12). Defendants filed a Motion for a More Definite Statement, or, in the alternative, Motion to Dismiss, stating that Plaintiff's complaint consists of multiple claims for relief without any legal support and that Plaintiff's claims are barred by the statute of limitations. Defendants state they are entitled to know: 1) which Defendants are alleged to have violated the Plaintiff's rights; 2) specific facts that each Defendant is alleged to have performed which allegedly violated the Plaintiff's rights; and 3) what rights the Defendants have allegedly violated. (Doc. No. 11-2, p. 7).

## DISCUSSION AND CITATION TO AUTHORITY

A complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." FED. R. CIV. P. 8(a)(2). "[T]he Federal Rules of Civil Procedure do not require a claimant to set forth an intricately detailed description of the asserted basis for relief[.]" Baldwin County Welcome Center v. Brown, 466 U.S. 147, 150 n.3 (1984). Instead, the Rules simply "[r]equire that the pleadings give the defendant fair notice of what the plaintiff's claim is and the grounds upon which it rests."

Id. (quotation omitted). "A party may move for a more definite statement of a pleading to which a responsive pleading is allowed but which is so vague or ambiguous that the party cannot reasonably prepare a response." FED. R. CIV. P. 12(e).

The Eleventh Circuit Court of Appeals has defined a "shotgun pleading" as one in which "it is virtually impossible to know which allegations of fact are intended to support which claim(s) for relief." Anderson v. District Board of Trustees of Central Florida Community College, 77 F.3d 364, 366 (11th Cir. 1996). The Court explained:

> Under the Federal Rules of Civil Procedure, a defendant faced with a complaint such as [the plaintiff's] is not expected to frame a responsive pleading. Rather, the defendant is expected to move the court, pursuant to Rule 12(e), to require the plaintiff to file a more definite statement. Where, as here, the plaintiff asserts multiple claims for relief, a more definite statement, if properly drawn, will present each claim for relief in a separate count, as required by Rule 10(b), and with such clarity and precision that the defendant will be able to discern what the plaintiff is claiming and to frame a responsive pleading . . . . Experience teaches that, unless cases are pled clearly and precisely, issues are not joined, discovery is not controlled, the trial court's docket becomes unmanageable, the litigants suffer, and society loses confidence in the court's ability to administer justice.

Id. at 366-67.

Plaintiff alleges that "[t]he four elements of negligence are present in the instant case" and proceeds to list the elements of negligence without explaining who was negligent. (Doc. No. 1, p. 12). Plaintiff proceeds to state that "[t]he two elements of Deliberate Indifference are present in the instant case." (Id.). He alleges that "the Defendants" conspired to ignore Plaintiff's request for his March 31, 2004 appeal form. (Id.). He further alleges that "[o]fficials are responsible for the harm and they must 'know of and disregard an excessive risk to" Plaintiff's First and Fourteenth Amendment rights. (Id.). Plaintiff generally alleges a violation of the Freedom of Information Act, but fails to state which Defendants are responsible for this alleged violation.

In his response to Defendants' Motion, Plaintiff states that "different employees of the Department of Corrections" denied him a copy of an appeal form. (Doc. No. 26 p. 4). He alleges that Defendants Kight, Peal, and Berglin know that his appeal was dated March 31, 2004, and that they are trying to conceal this fact. (Id.). He states Peal "intentionally thwarted" Plaintiff from exhausting his administrative remedies. (Id.). Plaintiff alleges that he wrote to Defendant Gearinger, who did not respond, and he contacted Defendant McElhenney, who did not investigate "the matter". (Id. at 5). Plaintiff claims that he requested the appeal form from counselors at Frank Scott State Prison and Defendant Fields to no avail. (Id.). He also claims that Defendant Kirkley knows that the appeal form was dated March 31, 2004, but refuses to inform the court and the public. (Id.).

Plaintiff's complaint consists of "multiple claims for relief" without any legal support. (See generally Doc. No. 1). Plaintiff fails to explain which Defendants acted negligently or with deliberate indifference, violated his constitutional rights, or violated the Freedom of Information Act. Defendants should not be required to guess how they allegedly violated Plaintiff's rights. Plaintiff is required to " present each claim for relief in a separate count, as required by Rule 10(b), and with such clarity and precision that the defendant will be able to discern what the plaintiff is claiming and to frame a responsive pleading." Anderson, 77 F.3d at 366 (11th Cir. 1996). Plaintiff's Motion to dismiss based on the expiration of the Statute of limitations should be denied at this time, as it is unclear which claims Plaintiff is attempting to pursue in this litigation.

## CONCLUSION

Based on the foregoing Defendants' Motion for a More Definite Statement is **GRANTED**. Plaintiff has ten (10) days from the issuance of this Order to submit a filing stating: 1) which Defendants are alleged to have violated the Plaintiff's rights; 2) specific facts that each Defendant is alleged to have performed which allegedly violated the Plaintiff's rights; and 3) what rights the Defendants have allegedly violated. Because it is unclear which claims Plaintiff is pursuing in his complaint, Defendants' Motion to Dismiss should be **DENIED**.

**SO ORDERED** and **REPORTED** and **RECOMMENDED**, this 10th day of May, 2011.

JAMES E. GRAHAM
UNITED STATES MAGISTRATE JUDGE