BENJAMIN ROOSEVELT SINGLETON,

    Plaintiff,

vs.

CIVIL ACTION NO.: CV610-097

AL BERGLIN; JOE PEAL; ROSS
T. GEARINGER; THOMAS
McELHENNEY; SHEVONDAH FIELDS;
DEBRA KIGHT; ANESSA KIRKLEY;
and JAMES ALLEN,

    Defendants.

## MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

Plaintiff, who was formerly incarcerated at Georgia State Prison, filed a cause of action pursuant to 42 U.S.C § 1983. Defendants filed a Motion to Dismiss, and Plaintiff filed a Response. Defendants filed a Reply. Plaintiff filed a Surreply. For the reasons which follow, Defendants' Motion should be **GRANTED**.

## STATEMENT OF THE CASE

Plaintiff states that "several employees" with the Georgia Department of Corrections have "refused to honor the Freedom of Information Act." (Doc. No. 1, p. 11). Plaintiff continues,

> Debra Kight acknowledges that she received said appeal on 4/6/04 that was intentionally sent late by Joe Peal at Frank Scott whom sent only the formal grievance without the appeal form . . . . I have sent freedom information request to Georgia State Prison official which has violated my

> 1st and 14th Amendment right by not providing me a copy of the appeal form dated 3/31/04.

(Doc. No. 1, p. 11). Subsequently in his Complaint, Plaintiff states his legal claims are for negligence and deliberate indifference. (Id. at p. 12). In response to the undersigned's directive to file a more definite statement, Plaintiff restates his assertions that Defendants' actions, in not returning the proper grievance appeal forms, have violated his First and Fourteenth Amendment rights. (Doc. No. 34).

Defendants assert that Plaintiff's claims are barred by the applicable statute of limitations. Defendants also assert that Plaintiff fails to state a claim pursuant to section 1983 and that they are entitled to qualified immunity.

## DISCUSSION AND CITATION TO AUTHORITY

Defendants aver that Plaintiff's cause of action arose on April 12, 2004, the date he learned that his grievance appeal was filed untimely. Defendants contend that the applicable statute of limitations expired on April 12, 2006, and Plaintiff's Complaint, which was filed on November 22, 2010, was filed more than four (4) years too late.

Plaintiff alleges that there is "no statute of limitation[s] on public record." (Doc. No. 34, p. 13). Plaintiff contends that the statute of limitations does not bar his claims, yet he presents no other contentions or evidence to support this contention.

Constitutional claims brought pursuant to section 1983 "are tort actions, subject to the statute of limitations governing personal injury actions in the state where the § 1983 action has been brought." Powell v. Thomas, 643 F.3d 1300, 1303 (11th Cir. 2011). Georgia has a two-year statute of limitations for personal injury actions. O.C.G.A. § 9-3-33. Although state law determines the applicable statute of limitations, "[f]ederal law determines when the statute of limitations begins to run." Lovett v. Ray,

2

327 F.3d 1181, 1182 (11th Cir. 2003). As a general rule, "the statute of limitations does not begin to run until the facts which would support a cause of action are apparent or should be apparent to a person with a reasonably prudent regard for his rights." Id.

Plaintiff's cause of action arose no later than April 12, 2004[1], which is the date he learned his grievance appeal was untimely. Thus, Plaintiff had until April 12, 2006, to file a timely cause of action. Plaintiff filed his Complaint in this Court on November 22, 2010, which was nearly six and one-half years after the event triggering the statute of limitations and four and one-half years after the expiration of the statute of limitations. Plaintiff's Complaint is barred by the applicable statute of limitations.

It is unnecessary to address the remaining portions of Defendants' Motion.

## CONCLUSION

Based on the foregoing, it is my **RECOMMENDATION** that Defendants' Motion to Dismiss be **GRANTED**. It is also my **RECOMMENDATION** that Plaintiff's Complaint be **DISMISSED**, with prejudice.

**SO REPORTED** and **RECOMMENDED**, this 11th day of January, 2012.

JAMES E. GRAHAM
UNITED STATES MAGISTRATE JUDGE

---

[1] Plaintiff contends that the appeal form was dated March 31, 2004, and that the Eleventh Circuit Court of Appeals erroneously determined that March 9, 2004, was the operative date. However, the discrepancies involved with the dates are not determinative of the issue before the Court. Accordingly, the undersigned has used the latest possible date provided in the parties' pleadings as the statute of limitations trigger.

3